48 N.Y.2d 1005 (1980)
In the Matter of Esther Linfield, Appellant,
v.
Ewald B. Nyquist, as Commissioner of Education of the State of New York, Respondent.
Court of Appeals of the State of New York.
Argued December 13, 1979.
Decided January 10, 1980.
Murray A. Gordon and Joan Stern Kiok for appellant.
James H. Whitney, Robert D. Stone, Jean M. Coon and John T. Feck for respondent.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES and WACHTLER concur in memorandum; Judge MEYER dissents and votes to modify in a separate opinion in which Judge FUCHSBERG concurs.
*1006 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
Petitioner's sole contention on this appeal is that the penalty *1007 of dismissal from her position as a tenured high school teacher is excessive. However, in light of the affirmed findings of incompetent and inefficient service in this case, we cannot say, as a matter of law, that the sanction of dismissal was inappropriate. (Matter of Pell v Board of Educ., 34 N.Y.2d 222.)
We recognize that, in consequence of the by-law provision cited by the dissenter, the action of the board of education will work a dismissal of appellant from the entire New York City public school system. Nonetheless, although in one view this result may appear harsh, to decline to uphold the determination would be to force the board of education to continue to employ a teacher who has been found, after a hearing, to be incompetent.
MEYER, J. (dissenting).
I respectfully dissent. The certificate of termination specifically stated that "Any license or certificate of whatever type is hereby revoked * * * Employee may not apply for nor be granted any other license or certificate without express approval of The Chancellor," and sections 250 and 251 of the By-Laws of the Board of Education as then in effect provided that a person dismissed "shall not be eligible for re-employment under any licenses held by him at such time of severance from service" and that an application for a license by such a person "shall not be received or entertained * * * except on the recommendation of the Superintendent of Schools approved by the Board of Education".
Petitioner's dismissal, therefore, constituted not only loss of her job but of her right to teach. Bearing in mind that petitioner taught five classes, on some of which she was complimented, and that her problem was not being able to control a class of difficult special students with serious learning disabilities, I find the penalty of dismissal to be not only shocking but draconian.
Accordingly, I would modify by remitting the matter to the board for the fixation of a penalty other than dismissal.
Order affirmed.